UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SARA CROWE,                        )
                                  )
            Plaintiff,            )
        v.                        )            CIVIL ACTION
                                  )            NO. 16-12033-JGD
HARVEY KLINGER, INC. and          )
HARVEY KLINGER,                   )
                                  )
            Defendants.           )

# MEMORANDUM OF DECISION AND ORDER
# ON DEFENDANTS' MOTION FOR LEAVE OF COURT
# TO FILE THEIR MOTION FOR SUMMARY JUDGMENT LATE

February 14, 2018

DEIN, U.S.M.J.

## I.  INTRODUCTION

This matter is before the court on "Defendants' Motion for Leave of Court to File Their

Motion for Summary Judgment Late."  (Docket No. 36).  Plaintiff has opposed the motion both

on procedural grounds as well as on the grounds of futility.  (Docket No. 39).  For the reasons

detailed herein, the defendants' motion is DENIED.

## II.  ANALYSIS

### Timeliness

By order of the court dated October 19, 2017, motions for summary judgment were due

30 days after the final deposition was completed.  (Docket No. 32).  The parties agree that the

30 day period was to run from the completion of the deposition of the defendant Harvey

Klinger on November 9, 2017.  (See Docket No. 36 at 1).  Therefore, the summary judgment

motion was due to be filed with the court on December 9, 2017. (Id. at 2). While the defen-

dants apparently had at least a draft of the motion prepared in November, according to their

unverified motion, they did not seek leave of court to file the motion for summary judgment

late until January 11, 2018. (See id. at 2). There is no explanation for any delay beyond

December 9, 2017 contained in defendants' motion. (Id. at 3). They have failed to establish

good cause for the delay, and this court finds the motion to be untimely. See L.R. 16.1(g)

(scheduling order can be modified only by order of the court "and only upon a showing of good

cause supported by affidavits, other evidentiary materials, or references to pertinent portions

of the record.").

### Form of Motion

The motion for leave to file the motion for summary judgment late is denied for the

additional reason that it is not in proper form so as to enable the plaintiff to respond in an

orderly fashion. "The role of summary judgment is 'to pierce the pleadings and to assess the

proof in order to see whether there is a genuine need for trial.'" PC Interiors, Ltd. v. J. Tucci

Constr. Co., 794 F. Supp. 2d 274, 275 (D. Mass. 2011) (quoting Mesnick v. Gen. Elec. Co., 950

F.2d 816, 822 (1st Cir. 1991)) (additional citation omitted). The burden is on the moving party

to identify "each claim or defense – or the part of each claim or defense – on which summary

judgment is sought[,]" and to show "that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Conventional

summary judgment practice requires the moving party to assert the absence of a genuine issue

of material fact and then support that assertion by affidavits, admissions, or other materials of

evidentiary quality." Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003).

Local Rule 56.1, which governs cases filed in the United States District Court for the District of Massachusetts, contains express requirements for summary judgment motions. As Local Rule 56.1 provides in relevant part:

> Motions for summary judgment shall include **a concise statement of the material facts of record** as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. **Failure to include such a statement constitutes grounds for denial of the motion.** ... Copies of all referenced documentation shall be filed as exhibits to the motion or opposition.

(Emphasis added). This court's scheduling orders further require that "[a]ny concise statement of material facts that is filed pursuant to Local Rule 56.1 in opposition to a motion for summary judgment shall include numbered paragraphs admitting or denying, paragraph by paragraph, the facts contained in the moving party's concise statement of material facts." (See, e.g., Docket No. 18). This procedure enables the court to readily ascertain whether there are material facts in dispute.

In the instant case, the defendants have not provided a concise statement of material facts to which the plaintiff can respond. Moreover, many of the so-called "facts" are actually inferences that the defendants are asking the court to make based on unexplained documents. For example, defendants asserted that "Ms. Crowe kept defendants in the dark about deals she was working on and delayed completing deals where offers had been made, so that she could move those deals to Pippin." (Defs. Proposed Mem. (Docket No. 37-1) at 3). The cited exhibits consist of an email that post-dates the plaintiff's departure from the Klinger Agency (Ex. 7) and a draft document, which is dated before her departure but is unsigned. (Ex. 8). It is a leap for this court to be able to conclude that the plaintiff wrongfully solicited clients based on such unexplained documents. The absence of a concise statement of material facts to which the

plaintiff can respond precludes the court from determining whether there are material facts in dispute. As stated in Local Rule 56.1, the failure to provide such a statement "constitutes grounds for denial of the motion."

**Futility**

Finally, and most importantly, the motion for leave to file the motion for summary judgment late is denied because the defendants have failed to establish that the critical issues are undisputed. The plaintiff denies that "prior to her resignation, Crowe solicited business from the authors who chose to move with her to Pippin[.]" (Docket No. 39 at 4). In addition, there does not appear to be any evidence in the summary judgment record "that any of the deals not closed could, or would, have been closed while Crowe still was at Klinger." (Id. at 5 n.1). While the defendants may prevail at trial, in light of these disputed facts, summary judgment is not appropriate.

### III.  CONCLUSION

For all the reasons detailed herein, the "Defendants' Motion for Leave of Court to File Their Motion for Summary Judgment Late" (Docket No. 36) is DENIED. Nothing herein shall preclude the defendants from raising the same issues, if appropriate, at trial or by way of pre-trial motions in limine.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge